**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**


BIANCA WILLIAMS,

     Plaintiff,

                                    Case No.

v.

                                     HON.

BOTSFORD GENERAL HOSPITAL
aka BEAUMONT HOSPITAL,

     Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Bianca Williams (hereinafter "Williams"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.     Plaintiff is a resident of the City of Detroit, County of Wayne and State of Michigan.

2.     Defendant, Botsford General Hospital, aka Beaumont Hospital (hereinafter "Beaumont") is a foreign corporation duly authorized to conduct business throughout the southeastern district of Michigan, whose resident agent is Jane E. Jordon, and whose resident office address is located at 26901 Beaumont Blvd., Southfield, MI 48033.

3.     Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

4.     The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

5.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful racial, gender, and age discrimination/harassment and retaliation in violation of 42 U.S.C. § 1981, Title VII, and the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.     Plaintiff is a black female and she was employed by Defendant from May 2016 through January 2019, most recently as a transporter, dispatcher, and greeter.

8.     Soon after Plaintiff started working for Defendant, she began experiencing harassment due to her race, age, and gender.

9.     Plaintiff was constantly subjected to verbal comments by white co-workers about Plaintiff's race.

10.    On one occasion, Plaintiff and a white co-worker had a verbal disagreement, and the co-worker loudly stated that he wanted an escort to his car so that he does not get shot, implying that Plaintiff as an African-American would shoot him.

11.    On one occasion a white co-worker complained to Plaintiff about a television show that was on with the African-American personality "Flavor Flav," and stated, "I don't want to watch a black show."

12.    Another white co-worker would routinely mock African-Americans on television, and comment on their poor living conditions.

13.    During football season it was common practice for male employees to watch games, and assign Plaintiff extra work as a female to make up for her male co-workers.

14. Caucasian and male co-workers would routinely undermine, and belittle Plaintiff, calling her a "bitch," telling her to "shut the fuck up," or just flat out ignoring Plaintiff when she would try to communicate with co-workers about important work-related matters.

15. Similarly situated co-workers that were older than Plaintiff were not subjected to the same abuse, and were given a voice and were not ignored or called names.

16. The harassment and discrimination was so severe and pervasive that it interfered with her ability to do her job, and created a hostile work environment.

17. Plaintiff was treated differently than similarly situated Caucasian and male co-workers.

18. Plaintiff complained to her supervisors on several occasions, but on or about January 14, 2019, Plaintiff filed a formal complaint with Human Resources about the discrimination and harassment that she was subjected to while employed by Defendant.

19. Two weeks after Plaintiff filed her complaint with HR, she was terminated for allegedly arriving 10 minutes behind schedule on a transportation job.

4

20. Similarly situated Caucasian and male transporters would routinely have much more severe violations than allegedly arriving ten minutes behind schedule without any disciplinary action taken, including but not limited to:

    a. Ignoring the dispatcher, including Plaintiff when she worked as a dispatcher, and not showing up on various transportation jobs, and;

    b. Leaving their job in the middle of their shift to run errands or go home.

21. While similarly situated Caucasian transporters were allowed to ignore the dispatcher and refuse to go on transportation jobs, Plaintiff was terminated for allegedly being ten minutes late to a job.

22. During Plaintiff's employment, Defendant and its employees, agents, representatives and servants have singled her out and created a hostile and offensive work environment due to Plaintiff's race, age, and gender.

23. Defendant attempted to justify Plaintiff's termination, but those attempts were clearly pretextual and the real reason she was terminated was in retaliation for her complaints.

24. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

25. Plaintiff was issued a right to sue letter by the EEOC on July 17, 2019.

## COUNT I
## RACIAL DISCRIMINATION AND HARASSMENT IN
## VIOLATION OF 42 U.S.C. § 1981

26.     Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27.     Plaintiff belongs to a protected class who enjoys the right to make and enforce contracts, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

28.     Plaintiff was subjected to unwelcome communication and conduct due to her race including being treated differently and in a more hostile manner than similarly situated Caucasian employees, and being more closely scrutinized than similarly situated Caucasian employees.

29.     The racially charged conduct towards Plaintiff was unwelcome and Plaintiff complained to management on several occasions.

30.     Defendant's conduct was intentional and motivated by Plaintiff's race.

31.     The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

32.     Plaintiff believed her work environment to be hostile and abusive as a direct result of Defendant's conduct.

33. Plaintiff suffered adverse tangible employment actions as a result of the hostile work environment, including termination.

34. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately terminated due to her race.

35. Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including termination from her employer and/or supervisors based upon her race.

36. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

37. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including termination based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

38. Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. § 1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

39. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such

conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TILE VII OF THE CIVIL RIGHTS ACT, AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, *et seq*

40.     Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.     Plaintiff was subjected to unwelcome communication and conduct.

42.     The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately terminated due to her race.

43.     Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from

8

discriminatory treatment and harassment and/or retaliation, including termination from her employer based upon her.

44. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

45. Plaintiff was subjected to repeated and continuous discriminatory treatment to the point where her status as an employee has been detrimentally affected by Defendant, and Plaintiff has been subjected to work in a hostile work environment.

46. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

47. Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

b. Imposing discipline based on race;

c. Taking adverse employment action against Plaintiff based upon her race;

d. Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race; and

9

e. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race.

48. Defendant owed Plaintiff a duty to refrain from discriminating against her, harassing her, and treating her differently as a direct result of her race.

49. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

50. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

51. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of

earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## GENDER/SEX DISCRIMINATION

52. Plaintiff incorporates by reference paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex/gender.

54. Plaintiff's gender as a female caused representatives and/or employees of Defendant to subject her to disparate treatment and hostility.

55. The harassment suffered by Plaintiff due to her gender had the purpose and/or effect of substantially interfering with Plaintiff's employment creating an intimidating, hostile, and offensive environment due to her gender.

56. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

11

57. Despite having notice that Plaintiff was being discriminated against and harassed due to her gender, Defendant failed to take any remedial action.

58. The hostility and unwelcome treatment due to Plaintiff's gender by representatives and employees of Defendant and their failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

59. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney fees.

60. Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees.

61. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

62. As a proximate result of the unwelcome treatment due to her gender by representatives and employees of Defendant because of Plaintiff's gender, and Defendant's failure to take remedial action against the conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other benefits and a

loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## AGE DISCRIMINATION

63. Plaintiff incorporates by reference paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 Plaintiff is guaranteed the right to be free from discrimination and/or termination from her employer and/or supervisors based upon her age.

65. Plaintiff's age was a factor in Defendants' employment decisions, including adverse employment actions and termination.

66. Defendant was Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

67. During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action

based upon her age by Defendant creating a hostile work environment by Defendant and its employees.

68. The age discrimination, hostile work environment, retaliation and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

69. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

70. Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff.

71. The age discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

72. As a proximate result of the age discrimination and conduct by Defendant and Defendants failure to take remedial action against the age discrimination, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem,

14

loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant, in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT V
## RETALIATION

73.     Plaintiff incorporates by reference paragraphs 1 through 72 of the Complaint as though fully set forth herein.

74.     Pursuant to 42 U.S.C. §1981, Title VII, the ADEA and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her engaging in protected activities of complaining of race, national origin, and age discrimination to her employer or the EEOC.

75.     Defendant was Plaintiff's employer within the meaning of 42 U.S.C. 1981, Title VII, the ADEA and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

76.     During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome racial, gender, and age discrimination creating a hostile work environment by Defendant.

15

77. The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

78. Plaintiff complained to upper management of Defendant that she was being discriminated against due to her race, gender, and age and that she was being subjected to a hostile work environment.

79. Instead of taking prompt remedial measures to stop the harassment and discrimination, Defendant retaliated against Plaintiff by terminating her.

80. Plaintiff was engaging in protected activities by complaining of age, race, and gender discrimination to upper management.

81. In or about, January 2019 Defendant terminated Plaintiff in retaliation for Plaintiff engaging in the aforementioned protected activities.

82. As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs,

interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-phone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: October 10, 2019

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Bianca Williams, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 10, 2019

17

LOCAL RULE CERTIFICATION: I, Scott P. Batey, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 10, 2019